**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSUE VASQUEZ-PENA, | No. 07-70501 |
| Petitioner, | Agency No. A077-815-052 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 17, 2009[**]

Before:     ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Josue Vasquez-Pena, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying motion to reopen and

dismissing his appeal from an immigration judge's ("IJ) decision ordering him

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

LA/Research

removed. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of motion to reopen, *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002), and we review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Vasquez-Pena failed to show exceptional and extremely unusual hardship. *See Romero-Torres v. Ashcroft*, 327 F.3d 887, 891 (9th Cir. 2003).

The evidence Vasquez-Pena presented with his motion concerned the same basic hardship grounds as were previously considered by the agency. *See Fernandez v. Gonzales*, 439 F.3d 592, 602-03 (9th Cir. 2006). We therefore lack jurisdiction to review the BIA's discretionary determination that reopening/remand is not warranted based on the evidence he submitted. *See id.* at 600.

Vasquez-Pena's contention that the IJ erred by refusing to hear new evidence on remand is unavailing. The BIA's remand to the IJ was specifically limited to the entry of an order of removal and to consideration of voluntary departure; the BIA retained jurisdiction over other matters. *See Matter of Patel*, 16 I. & N. Dec. 600, 601 (BIA 1978).

Vasquez-Pena's contention that the BIA erred in declining to take administrative notice of a country condition report is not persuasive. Moreover, Vasquez-Pena failed to demonstrate that the consideration of new evidence upon remand would have affected the outcome of the proceedings. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

We lack jurisdiction to review the IJ's decision not to invoke his sua sponte authority to reopen proceedings. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir. 2002).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.