## MATTER OF PATEL

### In Deportation Proceedings

A–21093734

A–20915499

*Decided by Board September 12, 1978*

(1) A mere showing of the minimum statutory period of continuous physical presence required for relief under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1254(a)(1), does not ordinarily, without more, establish the other statutory prerequisites sufficiently to warrant reopening for a plenary hearing on that relief. Conclusory assertions of hardship will not suffice to have proceedings reopened.

(2) Where the Board remands a case to an immigration judge for further proceedings, it divests itself of jurisdiction of that case unless jurisdiction is expressly retained. Where jurisdiction is not expressly retained, the Board will deny for lack of jurisdiction motions made to it after a case has been remanded.

(3) A remand, unless the Board qualifies or limits it for a specific purpose, is effective for the stated purpose and for consideration of any and all matters which the immigration judge deems appropriate in the exercise of his administrative discretion or which are brought to his attention in compliance with the appropriate regulations.

(4) An outstanding order of deportation against a respondent is not disturbed by the fact that the Board reopens deportation proceedings as to a different respondent whose hearing was held jointly.

(5) A motion to sever deportation proceedings made in connection with motions to reopen is moot where proceedings are reopened only as to one respondent.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant—remained longer (both respondents)

| ON BEHALF OF RESPONDENTS: | ON BEHALF OF SERVICE: |
|---|---|
| Fred F. Filsoof, Esquire | Robert J. Bondi |
| 1416 Gas Light Tower | Trial Attorney |
| 235 Peachtree Street, N.E. | |
| Atlanta, Georgia 30303 | |

BY: Milhollan, Chairman; Appleman, Maguire, and Farb, Board Members

A motion has been filed to reopen these proceedings so as to allow the respondents or one of the respondents to apply for relief under section 244(a)(1) of the Immigration and Nationality Act, 8 U.S.C. 1254(a)(1). The Service has moved that the case of the female respondent be

severed from that of the male respondent. We shall deny the motion to reopen as to the male respondent. We shall return the record file without adjudicating the motion as to the female respondent for lack of jurisdiction. The Service's motion is moot.

This is the third time this case has been before us. On January 18, 1978, we dismissed the respondents' appeal from the decision of an immigration judge finding them deportable as overstayed nonimmigrants and denying their applications for adjustment of status under section 245 of the Act, 8 U.S.C. 1255. On April 27, 1978, we denied the respondents' motion to reopen and reconsider our decision of January 18, 1978. In this last order we ordered the reopening of the proceedings as to the female respondent in view of the rights she has under the provisions of 8 C.F.R. 242.17(c). We left undisturbed the outstanding deportation order against the male respondent.

The male respondent has not made out a *prima facie* showing of eligibility for relief under section 244(a)(1) of the Act warranting a reopening so as to allow him to apply for that relief. Where reopening for suspension purposes is sought, a mere showing of the minimum statutory period of continuous physical presence does not ordinarily, without more, establish the other statutory prerequisites sufficiently to warrant reopening for a plenary hearing. *Matter of Sipus*, 14 I. & N. Dec. 229 (BIA 1972). Conclusory assertions of hardship are not sufficient to have proceedings reopened. *Matter of Sipus, supra.*

We do not have jurisdiction to adjudicate the motion as to the female respondent. We note that when the Board remands a case to an immigration judge for further proceedings, it divests itself of jurisdiction of that case unless jurisdiction is expressly retained. Further, when this is done, unless the Board qualifies or limits the remand for a specific purpose, the remand is effective for the stated purpose and for consideration of any and all matters which the Service officer deems appropriate in the exercise of his administrative discretion or which are brought to his attention in compliance with the appropriate regulations. Our order of April 27, 1978, was not limited or qualified.

ORDER: The male respondent's motion to reopen is denied.

FURTHER ORDER: The record file is returned without adjudication of the motion as it relates to the female respondent for lack of jurisdiction.