**Mohammed Iskander ALI; Aparajeeta ALI; Fahim Tanzim Ali,**
Petitioners,

v.

**John ASHCROFT, United States Attorney General,\***
Respondent.

No. 02–72310.

United States Court of Appeals,
Ninth Circuit.

Submitted March 29, 2004.\*\*

Decided April 20, 2004.

---

\* Because the Immigration and Naturalization Service no longer exists as a separate agency and this appeal challenges a decision issued by a component of the Department of Justice, we substitute the Attorney General for the INS.

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Marc J. Wigul, Esq., Korenberg, Abramowitz and Feldun, Sherman Oaks, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, San Francisco, CA, Mark C. Walters, Esq., Jennifer L. Lightbody, Washington, DC, for Respondent.

Before: D.W. NELSON, FERNANDEZ, and KLEINFELD, Circuit Judges.

## MEMORANDUM ***

Mohammed Iskander Ali and Aparajeeta Ali, husband and wife, and their minor child, Fahim Tanzim Ali, natives and citizens of Bangladesh, petition for review of the Board of Immigration Appeals' denial of their applications for asylum and withholding of deportation.[1] We deny the petitions.

The BIA's determination that an alien is not eligible for asylum must be upheld if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992) (citation omitted). "It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." *Id.*

When an alien seeks to overturn the BIA's adverse determination, "he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *Id.* at 483–84, 112 S.Ct. at 817; *see also Ghaly v. INS,* 58 F.3d 1425, 1429 (9th Cir.1995). Where an asylum claim is involved, an alien must show either past persecution or a well-founded fear of future persecution that is "both subjectively genuine and objectively reasonable." *Fisher v. INS,* 79 F.3d 955, 960 (9th Cir. 1996) (en banc).

■ While the BIA had found that Ali had been subjected to past persecution,[2] it then also found that, due to changed country conditions, he did not have a well-founded fear of future persecution. We are unable to say that the evidence compels a different conclusion. The relevant portions of the Country Report from the United States Department of State could properly be interpreted to show that the political conditions, as they related to Ali's particular political problem, had markedly changed in his favor so that Ali would no longer be in danger. *See Gonzalez–Hernandez v. Ashcroft,* 336 F.3d 995, 998–99 (9th Cir.2003); *Marcu v. INS,* 147 F.3d 1078, 1081–82 (9th Cir.1998); *see also INS v. Ventura,* 537 U.S. 12, 16–17, 123 S.Ct. 353, 355–56, 154 L.Ed.2d 272 (2002). Thus, we must deny the petitions.[3]

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Aparajeeta Ali and Fahim Tanzim Ali did not submit separate individual asylum applications, but were included in Mohammed Ali's application. Because Mohammed Iskander Ali is the lead petitioner, all references to Ali are to him. Moreover, what we hold as to him applies to them as well.

2. The BIA so decided when the Immigration Judge's decision was appealed to it at an earlier time. The IJ later expressed doubt about that determination and took evidence on the issue, in case the BIA wanted to change its mind, but did accept the BIA's determination. In any event, nothing in the procedural rules within the agency precluded the IJ from exploring the issues further. *See In re Patel,* 16 I. & N. Dec. 600, 601 (BIA 1978); *see also Johnson v. Ashcroft,* 286 F.3d 696, 702–03 (3d Cir.2002).

3. Ali asserts that the streamlining regulation violates his due process rights. *See* 8 C.F.R. § 1003.1(a)(7) (formerly 8 C.F.R. § 3.1(a)(7)).

Petitions DENIED.[4]

We have already rejected that contention. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849–52 (9th Cir.2003).

**4.** Because Ali did not meet the eligibility requirements for asylum, he was not entitled to withholding of deportation either. *See Ghaly,* 58 F.3d at 1429.