**Joanne WHEATON, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73212.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.*

Filed Dec. 28, 2007.

Joanne Wheaton, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Kurt B. Larson, Esq., Stacy S. Paddack, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Joanne Wheaton, a native and citizen of Canada, petitions pro se for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to remand and affirming an immigration judge's ("IJ") order denying her motion to reconsider its previous removal order. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Oh v. Gonzales,* 406 F.3d 611, 612 (9th Cir.2005), and the denial of a motion to remand, *Castillo–Perez v. INS,* 212 F.3d 518, 523 (9th Cir.2000). We dismiss the petition for review in part and deny in part.

■ We lack jurisdiction to review the agency's underlying removal order because the petitioner did not appeal from that order. *See Singh v. INS,* 315 F.3d 1186, 1188 (9th Cir.2003). Instead, she filed only a motion to reconsider.

■ The BIA acted within its discretion in upholding the IJ's denial of reconsideration because the IJ had correctly concluded that he lacked jurisdiction over the motion. *See Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc) ("The purpose of a motion to reconsider is . . . to demonstrate that the IJ or the BIA erred as a matter of law or fact"); *see also Matter of Patel,* 16 I. & N. Dec. 600, 601 (BIA 1978) (where the BIA specifically limits the scope of a remand, the BIA retains jurisdiction over all other issues not remanded).

** This disposition is not appropriate for publication and is not precedent except as provid-

■ The BIA did not abuse its discretion in denying the motion to remand because it considered the new evidence regarding hardship to Wheaton's daughter and acted within its broad discretion in determining that it was insufficient to warrant reopening. *See Singh v. INS,* 295 F.3d 1037, 1039 (9th Cir.2002) (The BIA's denial of a motion to reopen shall be reversed only if it is "arbitrary, irrational, or contrary to law"); *see also Ramirez–Alejandre v. Ashcroft,* 319 F.3d 365, 382 (9th Cir.2003) ("Under BIA procedure, a motion to remand must meet all the requirements of a motion to reopen and the two are treated the same.").

Petitioner's motion to file a late reply brief is granted. The Clerk shall file the brief received on June 20, 2007.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

ed by 9th Cir. R. 36–3. argument. *See* Fed. R.App. P. 34(a)(2).