**Sandra Monica Alvarez GUZMAN; Ivan Hernandez Alvarez, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73445.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.*

Filed Dec. 28, 2007.

Carlos Vellanoweth, Esq., John Wolfgang Gehart, Esq., Vellanoweth & Gehart, LLP, Los Angeles, CA, for Petitioners.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, OIL, Stacy S. Paddack, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

Sandra Monica Alvarez Guzman and her son Ivan Hernandez Alvarez petition for review of an order of the Board of Immigration Appeals ("BIA") dismissing their appeal from an immigration judge's ("IJ") order of removal and denying their motion to remand. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS,* 243 F.3d 510, 516 (9th Cir. 2001). We dismiss in part and deny in part the petition for review.

The evidence the petitioners presented with their motion to remand concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that they failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

Our conclusion that we lack jurisdiction to review the BIA's determination that the petitioners did not make out a prima facie case of hardship forecloses their argument that the BIA denied them due process by failing to consider and address the entirety of, or to properly weigh, the evidence submitted with the motion to reopen. *See Fernandez*, 439 F.3d at 603–04.

Following the government's initial appeal to the BIA, the matter was remanded to the IJ. Petitioners' contention that it was a violation of due process for the IJ to refuse to hear new evidence on remand is unavailing. The BIA's remand to the IJ was specifically limited to the entry of an order of removal; the BIA retained jurisdiction over other matters. *See Matter of Patel*, 16 I. & N. Dec. 600 (BIA 1978). Moreover, petitioners failed to demonstrate that the presentation of new evidence upon remand, rather than through a motion to reopen, would have affected the outcome of the proceedings. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**