**Bernardo ACEVEDO–RUBIO; et al., Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–75042.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 22, 2008.

David Asser, Esquire, Asser Law Group, P.C., Phoenix, AZ, Ali Saidi, Esquire, Law Office of Ali Saidi, Berkeley, CA, for Petitioners.

District Counsel Phoenix, Esquire, Office of the District Director U.S. Department of Homeland Security, Phoenix, AZ, Richard M. Evans, Esquire, Joan E. Smiley, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Department of Homeland Security, San Francisco, CA, for Respondent.

Before: TASHIMA, SILVERMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Bernardo Acevedo–Rubio and Claudia Soto–Rodriguez, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's (IJ) decision, entered pursuant to the BIA's limited remand, denying their application for cancellation of removal and also determining that petitioners' additional evidence did not warrant the reopening of their case.

Petitioners sought cancellation of removal based on hardship to their three United States citizen children. On February 19, 2004, the IJ granted petitioners' request for cancellation of removal. On July 12, 2005, the BIA vacated the IJ's decision, determining that petitioners did not establish exceptional and extremely unusual hardship and that the hardships enumerated were not substantially different from those that are normally expected to result from removal to a less developed country. The BIA remanded the case back to the IJ for issuance of a final order that was consistent with the BIA's opinion. On remand, petitioners submitted additional evidence of hardship to their United States citizen children. Consistent with the BIA's decision, the IJ denied the application for cancellation of removal and also declined to consider the additional evidence of hardship. On appeal, the BIA affirmed the IJ's decision, considered the additional evidence, and determined that it did not warrant reopening the case.

We lack jurisdiction to review the BIA's discretionary determination that petitioners failed to show exceptional and extremely unusual hardship. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 890 (9th Cir.2003).

■ Petitioners' additional evidence, submitted both to the IJ and the BIA, consisted of a psychological evaluation which reported that petitioners' two older children suffered from acute stress disorders, dysthmic disorders and nightmare disorders and that, should the mother have to work, it would prove debilitating to the youngest child, because he was very attached to his mother. The BIA concluded that although the new evidence indicated that the children were anxious about their adjustment to life in Mexico, the evidence did not warrant changing the outcome of the case. We conclude that the evidence presented by petitioners concerned the same basic hardship grounds as their application for cancellation of removal. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that petitioners failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (internal quotations and brackets omitted).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Finally, petitioners' contention that the IJ erred by refusing to hear new evidence on remand is unavailing. The BIA's remand to the IJ was specifically limited to the entry of an order of removal; the BIA retained jurisdiction over other matters. *See Matter of Patel,* 16 I. & N. Dec. 600 (BIA 1978). Moreover, petitioners failed to demonstrate that the consideration of new evidence upon remand would have affected the outcome of the proceedings. *See Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (requiring prejudice to prevail on a due process challenge).

**PETITION FOR REVIEW DISMISSED.**