**Mohammed Tahir NASER,
aka Mohammed Tahir
Naeri, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

**No. 08–70545, 08–73034.**

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 30, 2009.*

Filed Oct. 2, 2009.

Lea Greenberger, Attorney at Law, Encino, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Achiezer Guggenheim, Trial, Regan Hildebrand, John Hogan, Senior Litigation Counsel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent.

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM **

Mohammed Tahir Naser, an ethnic Tajik and Shiite Moslem citizen of Afghanistan, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and grant the petition for review and remand.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ The BIA's agreement with the IJ's conclusion that it lacked jurisdiction to reconsider the claim of asylum and withholding, including the issues of adverse credibility, past persecution, and charges of excludability on remand is error. The BIA misconstrued our mandate in its 2008 decision, despite its recognition of the correct interpretation in its 2004 order upon remand. The BIA's 2004 order vacated the prior decisions denying reconsideration of the asylum and withholding claims and ordered reopening "for a further hearing on the applicant's application for asylum and withholding of exclusion."

Our 2004 disposition had concluded that the BIA abused its discretion in denying Naser's motion to reopen pursuant to 8 C.F.R. § 3.2(c)(2)[1] because his motion was based on ample evidence of changed circumstances in Afghanistan. We therefore granted Naser's petition to reopen his case and remanded for a new hearing. The record reveals no explanation for the BIA's correct interpretation of our remand order in 2004, and subsequent incorrect interpretation in 2008. In doing so, the BIA ignored its own precedent in *Matter of Patel*, 16 I. & N. Dec. 600, 601 (BIA 1978) (holding that a remand from the BIA to an IJ is effective for all matters deemed appropriate in the exercise of administrative discretion or brought to the attention of the IJ in compliance with appropriate regulations "unless the Board qualifies or limits the remand for a specific purpose"). The BIA's 2004 order did not qualify or limit the remand to the IJ in any manner whatsoever; nor did we retain jurisdiction.

■ Although we must remand this matter again for compliance with our 2004 disposition and the BIA's 2004 order upon remand, it is worth noting for future reference that the BIA applied the wrong legal standard in concluding that Naser was ineligible for asylum because he could safely relocate to Kabul. *See* 8 C.F.R. § 208.13(b)(3); *see also Melkonian v. Ashcroft*, 320 F.3d 1061, 1069 (9th Cir.2003) ("[i]t is not enough … for the IJ to find that applicants could escape persecution by relocating internally. It must be reasonable to expect them to do so.").

We need not reach the issues of the BIA's refusal to terminate proceedings pending adjudication of Naser's visa petitions, the IJ's refusal to grant a continuance, or the IJ's bias.

**PETITION GRANTED** and **REMANDED.**

---

1. Former § 3.2 has been recodified at 8 C.F.R. § 1003.2 (2003), but we reference the version in effect at the time of the orders.

