FILED

APR 05 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUIBO WANG, | No. 07-71711 |
| Petitioner, | Agency No. A095-569-340 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 16, 2011
San Francisco, California

Before: HUG, W. FLETCHER, and M. SMITH, Circuit Judges.

Petitioner Huibo Wang, a native and citizen of the People's Republic of

China, seeks review of a decision by the Board of Immigration Appeals (BIA)

dated February 18, 2005, that reversed the Immigration Judge's (IJ) grant of

Wang's application for withholding of removal and relief under the Convention

Against Torture (CAT). Petitioner also seeks review of a subsequent decision by

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the BIA dated April 3, 2007, that upheld the IJ's order of removal and denied an application to introduce additional evidence. Because the parties are familiar with the factual and procedural history of this case, we repeat only those facts necessary to resolve the issues raised on appeal. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). We deny Wang's petition for review.

"[U]nless the [BIA] qualifies or limits the remand for a specific purpose, the remand is effective for the stated purpose and for consideration of any and all matters which the [IJ] deems appropriate in the exercise of his administrative discretion or which are brought to his attention in compliance with the appropriate regulations." *Fernandes v. Holder*, 619 F.3d 1069, 1074 (9th Cir. 2010) (quoting *Matter of Patel*, 16 I. & N. Dec. 600, 601 (B.I.A. 1978)). Because the BIA limited the scope of the remand hearing to issuing an order of removal, the IJ properly denied Wang's motion to submit additional evidence. *See Molina-Camacho v. Ashcroft*, 393 F.3d 937, 940–42 (9th Cir. 2004), *overruled by Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc). The BIA's specific cite to *Molina-Camacho* at the end of its decision indicated that the IJ's discretion was limited to the ministerial task of issuing the removal order. The IJ understood this and proceeded accordingly. To the extent there was any doubt about the BIA's intent, the Board's 2007 decision laid the question to rest.

2

This decision to limit the remand hearing also did not violate any of Petitioner's due process rights. Due process requires that a petitioner be given a "full and fair hearing." *Campos-Sanchez v. INS*, 164 F.3d 448, 450 (9th Cir. 1999), *superseded by statute as recognized in Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008) (describing effects of the REAL ID Act). "This court has found prejudice where an alien's rights are violated 'in a manner so as potentially to affect the outcome of the proceedings.'" *Id.* (citing *United States v. Cerda-Pena*, 799 F.2d 1374, 1379 (9th Cir. 1986)). Petitioner was afforded a hearing before the IJ in 2003. As the BIA stated, none of the additional evidence Petitioner sought to introduce at later hearings cast doubt on the 2003 finding that Petitioner's adherence to Falun Gong could not be substantiated.

Finally, we are not compelled to reverse the BIA's decision to deny Petitioner withholding of removal and relief under the CAT. Because Petitioner did not appeal the IJ's adverse credibility determination, which went to the heart of the petition and formed the basis of the decisions below, we must accept that he was not credible about his Falun Gong practice. *See* 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right[.]"); *Guo v. Ashcroft*, 361 F.3d 1194, 1199 & n.1 (9th Cir. 2004). Because Petitioner's withholding of

3

removal claim was supported by the same statements and factual assertions deemed not credible in his asylum application, and the remaining evidence in the record does not alter that credibility determination, Wang's petition is denied. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

**PETITION DENIED.**