NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3674
_____

EDY DARCELIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of a Final Order
of the Board of Immigration Appeals
Immigration Judge:  Honorable Walter A. Durling
(No. A037-322-116)
_____

Submitted Under Third Circuit LAR 34.1(a)
January 23, 2012
_____

Before:  AMBRO, CHAGARES and HARDIMAN, Circuit Judges

(Opinion filed: January 30, 2012)
_____

OPINION
_____

AMBRO, Circuit Judge

Edy Darcelin, a native and citizen of Haiti, was admitted to the United States as a

lawful permanent resident in 1982.  In 2006, the Department of Homeland Security

("DHS") began a removal proceeding against him, charging that he was removable under the Immigration and Nationality Act ("INA") based on his conviction for the delivery of cocaine in violation of a Florida statute and two separate convictions for endangering the welfare of a child in violation of New York Penal Law. Darcelin applied for relief from removal under former § 212(c) of the INA, 8 U.S.C. § 1182(c), and for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). The Immigration Judge ("IJ") found Darcelin removable as charged, denied his applications for relief from removal, asylum and withholding of removal, but granted his application for CAT protection. After several appeals to the Board of Immigration Appeals ("BIA") and remands from the BIA to the IJ—the result being that Darcelin lost on every ground except for his request for CAT protection— he petitions us for review. We deny the petition.

## I. BACKGROUND

The history of these proceedings is complicated and worth detailing. The IJ rendered his initial decision orally. DHS appealed that decision to the BIA. It remanded to the IJ to articulate his reasoning. On remand, the IJ issued a written decision giving his reasoning and reversing his decision to grant Darcelin protection from removal under the CAT. Specifically, the IJ held that Darcelin's conviction for delivery of cocaine was an aggravated felony drug offense and a crime involving moral turpitude for purposes of the INA, and that his second conviction for endangering the welfare of a child also was a crime involving moral turpitude for purposes of the INA, making him removable under

2

§ 237(a)(2)(A)(ii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(ii). Darcelin appealed to the BIA.

On appeal, the BIA held that Darcelin's conviction for delivery of cocaine made him removable under §§ 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the INA, 8 U.S.C. §§ 1227(a)(2)(A)(iii) and 1227(a)(2)(B)(i), for having been convicted of an aggravated felony and a controlled substance violation. Darcelin did not dispute that this conviction was an aggravated felony. The BIA also held that Darcelin's two separate convictions for endangering the welfare of a child were crimes involving moral turpitude for purposes of the INA. It further affirmed the IJ's denial of relief from removal, asylum and withholding of removal, and the IJ's denial of CAT protection.

Darcelin subsequently filed a motion to reopen his proceedings before the BIA based on his claim that his former counsel provided ineffective assistance of counsel by failing to present new evidence regarding his mental condition. The BIA granted the motion, not on the basis of ineffective assistance of counsel, but because the previously unavailable evidence was material to Darcelin's eligibility for CAT protection. It remanded to the IJ for further proceedings.

On remand, Darcelin requested that the IJ enlarge the scope of the remand to include a review of the BIA's holdings regarding his removability based on his criminal convictions. The IJ denied the request, stating that both he and the BIA already had ruled on the issue of removability. He granted Darcelin protection under the CAT based on a finding that Darcelin was a paranoid schizophrenic who required daily medication that he would not receive if he were detained in Haiti. DHS appealed this decision to the BIA.

3

Darcelin also filed an appeal with the BIA, arguing that the IJ erred in denying Darcelin's request that the IJ review the BIA's findings regarding his (Darcelin's) removability.

The BIA affirmed the IJ's decision not to revisit the issue of Darcelin's removability. It noted that its grant of the motion to reopen was based on previously unavailable evidence that was material to whether Darcelin was eligible for CAT protection, and that the IJ was not required to enlarge the scope of the remand. It also upheld the IJ's grant of CAT protection. It thus dismissed both appeals, but remanded to the IJ again for further consideration of Darcelin's application for CAT protection in light of changed country conditions in Haiti following the January 2010 earthquake.

On remand, Darcelin again asked the IJ to review the BIA's findings regarding his removability. The IJ did not expressly decline to do so, but his written interlocutory order simply held that the earthquake was not material to his decision to grant deferral of removal under the CAT. The IJ thus reissued his prior order granting CAT protection. DHS appealed this decision to the BIA. Darcelin also appealed to the BIA, again arguing that the IJ erred in failing to consider his arguments regarding removability.

The BIA upheld the IJ's grant of CAT protection. Referencing its previous decision regarding the IJ's denial of Darcelin's request that that IJ revisit the issue of removability, the BIA reiterated that the IJ was not required to address this request. It thus dismissed both appeals. This petition for review by Darcelin followed.[1]

---

[1] We have jurisdiction under 8 U.S.C. § 1252, which authorizes us to review "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). We review due process claims *de novo*. *Fadiga v. Att'y Gen.*, 488 F.3d 142, 153-54 (3d Cir. 2007).

4

## II.    ANALYSIS

Darcelin's primary argument is that the IJ's and BIA's decisions declining to allow him to challenge their removal determinations on remand denied him constitutional due process.  We disagree.  Both the IJ and BIA issued detailed decisions addressing Darcelin's removability based on his criminal convictions.  Following these decisions, the BIA remanded the case to the IJ on two separate occasions for him to consider issues distinct from Darcelin's removability—namely, the effect of his mental condition and the Haitian earthquake on his request for CAT protection.  As to both remands, the BIA identified Darcelin's request for CAT protection as the issue on remand.

An IJ's discretion to enlarge the scope of proceedings on remand from the BIA is well-established.  If, as here, the BIA does not limit a remand to a specific purpose, the BIA's remand "is effective for the stated purpose and for consideration of any and all matters which the [IJ] deems appropriate in the exercise of his [or her] administrative discretion . . . ." *Johnson v. Ashcroft*, 286 F.3d 696, 701 (3d Cir. 2002) (quoting *Matter of Patel*, 16 I. & N. Dec. 600, 601 (BIA 1978)).  The IJ properly exercised his discretion in limiting the scope of the remands to consideration of Darcelin's eligibility for CAT protection.  In this context, Darcelin's due process rights were not violated.

Darcelin also raises arguments regarding the IJ's and BIA's holdings that his conviction for delivery of cocaine was an aggravated felony, and that his two separate convictions for endangering the welfare of a child were crimes involving moral turpitude, for purposes of the INA.  He did not raise the arguments regarding his conviction for

5

delivery of cocaine to the BIA during any of the times he was before it.[2]  Indeed, Darcelin conceded on appeal to the BIA that this conviction was for an aggravated felony.  His arguments regarding this conviction thus are unexhausted and we lack jurisdiction to consider them.  *See Hoxha v. Holder*, 559 F.3d 157, 159 (3d Cir. 2009).

As to his convictions for child endangerment, Darcelin confines his arguments before us to the consequences of his "Alford plea."  *See North Carolina v. Alford*, 400 U.S. 25 (1970).  However, the BIA did not rely on his plea in holding that his convictions for child endangerment were crimes involving moral turpitude.  (It instead analyzed the convictions under the categorical approach, which required it to focus on the underlying criminal statute rather than Darcelin's specific acts.  *See Jean-Louis v.  Att'y Gen.*, 582 F.3d 462, 465 (3d Cir. 2009).)  Darcelin thus has failed to challenge the BIA's holding and otherwise has waived our consideration of the issue.  *See Chen v. Ashcroft*, 381 F.3d 221, 235 (3d Cir. 2004).

\*   \*   \*   \*   \*

For these reasons, we deny the petition for review.

---

[2] Where, as here, the BIA issues a separate opinion, "we review the BIA's disposition and look to the IJ's ruling only insofar as the BIA defers to it."  *Huang v. Att'y Gen.*, 620 F.3d 372, 379 (3d Cir. 2010).