10-1030-ag
Zheng v. Holder

BIA
DeFonzo, IJ
A096 060 634

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of April, two thousand twelve.

PRESENT:
> DENNIS JACOBS,
>> *Chief Judge,*
> ROSEMARY S. POOLER,
> DEBRA ANN LIVINGSTON,
>> *Circuit Judges.*

_____

QIAOXIN ZHENG,
> *Petitioner,*

v.                                          10-1030-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:     Theodore N. Cox, New York, NY.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Ann Carroll Varnon, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Qiaoxin Zheng, a native and citizen of China, seeks review of a March 15, 2010 order of the BIA vacating immigration judge ("IJ") Paul A. DeFonzo's July 31, 2008, pretermitting of her application for asylum and denying that application, and affirming the IJ's denial of her applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Qiaoxin Zheng*, No. A096 060 634 (B.I.A. March 15, 2010); *aff'g* No. A093 060 634 (Immig. Ct. N.Y. City July 31, 2008). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The BIA did not err in finding that Zheng failed to establish a well-founded fear of persecution on account of the birth of her two children, one in China and one in the United States.  Zheng's claim is largely foreclosed by our decision in *Jian Hui Shao v. Mukasey*, 546 F.3d 138 (2d Cir. 2008), which found no error in the conclusion that evidence similar to that submitted by Zheng is insufficient to establish an alien's *prima facie* eligibility for relief. *Id.* at 164-66.

The report from Susanna Liu was not material to Zheng's claim because it references mandatory sterilization without indicating that sterilizations are performed by force.  *See Jian Hui Shao*, 546 F.3d at 165, 172.  Zheng also submitted letters from family and friends claiming to have been forcibly sterilized following the birth of their children in China, and the affidavit from Jin Fu Chen, a man claiming to have been forcibly sterilized in China after fathering children in Japan.  The BIA reasonably concluded that these were not *material* because they did not detail the forced sterilizations of similarly situated individuals, i.e., Chinese nationals returning to China with children who are citizens of another country (the United States).  *See id.* at 160-61, 170-71.

3

Furthermore, a reasonable fact-finder would not be compelled to conclude that Zheng demonstrated a reasonable possibility that the imposition of fines for the birth of her children would cause her severe harm amounting to economic persecution. *See Matter of T-Z-*, 24 I. & N. Dec. 163, 170-75 (B.I.A. 2007); *see also Jian Hui Shao*, 546 F.3d at 161-62, 164 n.25. Although Zheng testified that her cousin was fined 80,000 RMB for violating the family planning policy, the BIA reasonably found that the fine imposed on Zheng's cousin did not compel the conclusion that Zheng would face a similar fine because her cousin was not similarly situated, having given birth to three children, all of them in China, and the cousin did not explain how the fine was calculated. *See Jian Hui Shao*, 546 F.3d at 161-62 (noting that while "in some cases, severe economic penalties could be as effective as physical pressure in forcing an involuntary sterilization," the record failed to establish that the petitioner himself would suffer "severe economic compulsion").

Zheng contends that the BIA committed reversible error by failing to address her claim that she suffered past persecution on account of her practice of Christianity in China. However, the IJ noted on this remand that Zheng's

4

past persecution claim had previously been found not credible and (contrary to Zheng's contention in her brief), the IJ did not overrule that adverse credibility determination in his decision.  Likewise, the BIA noted that Zheng's past persecution claim was "previously resolved in a prior hearing" where it was found "not credible."  Thus, the BIA properly declined to revisit her past persecution claim. *See Matter of Patel*, 16 I. & N. Dec. 600, 601 (BIA 1978).

Finally, the agency did not err in finding that Zheng failed to establish a well-founded fear of persecution based on her Christian faith.  Zheng's brief argues only that the BIA erred in denying that claim in conclusory fashion.  However, the IJ did discuss Zheng's well-founded fear at length and determined that she failed to establish an objectively reasonable fear of persecution based on her religious practice in the United States.  Zheng's brief does not challenge any of the IJ's findings on this point and, although the BIA affirmed the IJ's determination in a single sentence, it was not required to provide any further reasoning.  *See* 8 C.F.R. § 1003.1(e)(4) (the BIA, on appeal, may affirm the IJ's decision "without opinion").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk