**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

DEC 18 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SIMON LOPEZ-ANDRADE, JR., | No. 09-72404 |
| Petitioner, | Agency No. A43-443-900 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, JR., United States Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 30, 2013**
Pasadena, California

Before:    GOULD and RAWLINSON, Circuit Judges, and LEMELLE, District
Judge.***

Petitioner Simon Lopez-Andrade ("Lopez-Andrade" or "Petitioner"), a citizen

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes that this case is suitable for decision without
oral argument.

*** The Honorable Ivan L. R. Lemelle, District Judge for the U.S. District Court for
the Eastern District of Louisiana, sitting by designation.

1

of Mexico and a lawful permanent resident of the United States, petitions for review of the Board of Immigration Appeals ("BIA") decision finding him removable and ineligible for relief. Petitioner contends that the second Immigration Judge ("IJ"), who heard his case on remand from the BIA, violated principles of collateral estoppel and the law of the case doctrine in setting aside the first IJ's decision to grant Petitioner's motion to suppress. Alternatively, Petitioner argues: (1) that the second IJ was biased against him; and (2) that the BIA erred in upholding the second IJ's ruling that statements Petitioner gave to  immigration officials at the port of entry were  voluntary and not coerced.

## 1. Jurisdiction of the Second Immigration Judge on Remand

In *Matter of Patel*, 16 I. & N. Dec. 600 (B.I.A. 1978), the BIA ruled:

> [W]hen the [BIA] remands a case to an immigration judge for further proceedings, it divests itself of jurisdiction of that case unless jurisdiction is expressly retained. Further, when this is done, unless the Board qualifies or limits the remand for a specific purpose, the remand is effective for the stated purpose and for consideration of any and all matters which the Service officer deems appropriate in the exercise of his administrative discretion.

*Id.* at 601.

The Ninth Circuit adopted the BIA's *Patel* ruling in *Fernandes v. Holder,* 619 F.3d 1069 (9th Cir. 2010), reiterating that "the IJ's jurisdiction on remand from the BIA is limited only when the BIA expressly retains jurisdiction and qualifies or limits the scope of the remand to a specific purpose" and explaining that "[a]n articulated purpose for the

2

remand, without any express limit on scope, is not sufficient to limit the remand such that it forecloses consideration of other new claims or motions that the IJ deems appropriate or that are presented in accordance with relevant regulations."

*Id.* at 1074.

The BIA's remand order stated:

> [T]his case is remanded to the Immigration Judge to provide the respondent an opportunity to establish that the respondent actually and specifically relied upon the availability of section 212(c) discretionary relief at the time the plea was entered. . . .Accordingly, the record is remanded to the Immigration Court for further proceedings consistent with the foregoing opinion.

Absent is any jurisdictional limitation. Under *Patel*, the second IJ had the authority to reexamine issues.

Observance of the law of the case doctrine is discretionary. *Ingle v. Circuit City*, 408 F.3d 592, 594 (9th Cir. 2005). Given our adoption of the rule in *Matter of Patel*, we decline to apply the law of the case doctrine to the first IJ's non-final administrative decision. *See Fernandes,* 619 F.3d at 1074. Because Petitioner's removability had not been determined by a final order when the BIA remanded the case to the second IJ, *res judicata* and collateral estoppel principles are inapplicable. *See Hooker v. Klein*, 573 F.2d 1360, 1367-68 (9th Cir. 1978).

**2. Due Process**

Deportation proceedings violate due process if the alien does not receive a full and

fair hearing and suffers prejudice as a result of the inadequate proceedings. *See Acewicz v. INS,* 984 F.2d 1056, 1062 (9th Cir. 1993). "A due process violation occurs where '(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.'" *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009).

In *Colmenar v. INS,* 210 F.3d 967 (9th Cir. 2000), an IJ who repeatedly interrupted the petitioner and "behaved not as a neutral fact-finder interested in hearing the petitioner's evidence, but as a partisan adjudicator seeking to intimidate" was held not to have allowed the petitioner a reasonable opportunity to present his case. *Id.* at 971. At the same time, an IJ is permitted to "interrogate, examine, and cross-examine the alien and any witnesses" in removal proceedings. 8 U.S.C. §1229a(b)(1); *see, e.g. Acewicz*, 984 F.2d at 1063. Although the second IJ appeared impatient with Petitioner's responses, he allowed Petitioner to testify and his questions appeared aimed at clarifying the record. Additionally, despite doubt about Petitioner's alleged inability to find a lawyer and reasons for requesting a continuance, the IJ granted Petitioner's request for a continuance. Furthermore, while the second IJ allowed a witness to testify for some time without the presence of Petitioner's counsel, Petitioner's counsel eventually appeared and was able to cross examine all witnesses. The record demonstrates that Petitioner was

4

given a reasonable opportunity to present evidence and had a hearing that comported with due process requirements.

### 3. <u>BIA Ruling on Voluntariness</u>

The test for the admissibility of evidence in deportation proceedings is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process. *See Saidane v. INS,* 129 F.3d 1063, 1065 (9th Cir. 1997). There were no allegations or findings here of physical violence being used against Lopez-Andrade. "In psychological coercion cases, we must consider the totality of the circumstances involved and their effect upon the will of the defendant." *United States v. Miller,* 984 F.2d 1028, 1031 (9th Cir. 1993) *(citing Schneckloth v. Bustamonte,* 412 U.S. 218, 226–27 (1973). The pivotal question is whether defendant's will was overborne when the defendant confessed. *Schneckloth*, 412 U.S. at 225–26. Here, although the Petitioner was held for almost 24 hours, there is no conclusive evidence that he was threatened, offered promises, deprived of access to medication or food such that his statements were made under egregious conditions or that they were coerced.

**PETITION FOR REVIEW DENIED.**