# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60416
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 16, 2019

Lyle W. Cayce
Clerk

DO MUNG,

                              Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

                              Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 470 806

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Do Mung, a native and citizen of Burma, petitions this court for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for asylum and withholding of removal. He argues that the immigration judge (IJ) exceeded the scope of the remand; that the immigration court lacked jurisdiction in light of *Pereira v. Sessions*, 138 S. Ct. 2105, 2108 (2018); and that the record demonstrates that he suffered

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

past persecution, has a well-founded fear of persecution, and that he is unable to relocate within Burma.  He also moves to supplement the record with a copy of the United States Department of State 2017 Human Rights Report on Burma.

Mung's arguments regarding jurisdiction and past persecution are unexhausted.  *See* 8 U.S.C. § 1252(d)(1); *see also Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).  Consequently, we lack jurisdiction to consider them. § 1252(d)(1).

The Immigration and Nationality Act requires that this court "decide the petition [for review] only on the administrative record on which the order of removal is based."  8 U.S.C. § 1252(b)(4)(A).  Accordingly, Mung's motion to supplement is denied.

Mung's claim that the IJ exceeded the scope of the remand is without merit.  The BIA's remand order did not explicitly limit the scope of the IJ's inquiry.    Therefore, the remand was effective for the stated purpose, determining whether Mung had a well-founded fear of persecution, and for consideration of all other matters the IJ deemed appropriate.  *See Matter of Patel*, 16 I. & N. Dec. 600, 601 (BIA 1978); *Bianco v. Holder*, 624 F.3d 265, 274 (5th Cir. 2010).

Finally, changes in country conditions, namely, the rise to power of the pro-democracy political party he supported, make it unlikely that he would be forced to serve a 25-year sentence for engaging in pro-democracy activities critical of the prior military regime.  As such, Mung has failed to demonstrate that the record compels the conclusion that it is more likely than not that he will be persecuted because of his political beliefs if he returns to Burma. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

No. 18-60416

In light of the foregoing Mung's petition for review is DENIED IN PART and DISMISSED IN PART for lack of jursidiction.  His motion to supplement the record is DENIED.