
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD FRANK AQUINO-MEJICO, | No.   18-71410 |
| Petitioner, | Agency No. A088-933-500 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 11, 2020[**]
Portland, Oregon

Before:  BYBEE and VANDYKE, Circuit Judges, and CARDONE,[***] District
Judge.

Petitioner Ronald Aquino-Mejico, a native and citizen of Peru, petitions for

review of the Board of Immigration Appeals' (BIA) decision (1) affirming the

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Kathleen Cardone, United States District Judge for the
Western District of Texas, sitting by designation.

Immigration Judge's (IJ) denial of Aquino's application for withholding of removal (withholding), and (2) denying Aquino's motion to reopen proceedings. Because the parties are familiar with the facts, we will not recite them here. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019) (citation omitted). We review denials of withholding "for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014) (internal quotation marks omitted). A denial of a motion to reopen is reviewed for abuse of discretion and may only be reversed if it is "arbitrary, irrational, or contrary to law." *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016) (internal quotation marks omitted).

1.     To qualify for withholding, a petitioner must show that "it is more likely than not that the petitioner would be subject to persecution on account of [a] protected ground[]" if removed to his country of origin. *Tamang v. Holder*, 598 F.3d 1083, 1091 (9th Cir. 2010) (internal quotation marks omitted). A petitioner can carry this burden in two ways. First, he can show that he suffered actual past

persecution on account of a protected ground, which leads to a rebuttable presumption that he will suffer persecution if returned to his country of origin. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007) (en banc); *see also* 8 C.F.R. § 208.13(b)(1). Second, he can show that he has a well-founded fear of future persecution that "is both subjectively genuine and objectively reasonable." *Lolong*, 484 F.3d at 1178. Further, to sustain a claim for withholding, a petitioner must show that his alleged persecutor is "a government official or individuals the government is unable or unwilling to control." *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

Here, the BIA concluded that (1) Aquino did not experience past persecution and (2) Aquino does not have an objectively reasonable fear of future persecution by either a government official or an entity the government is unwilling or unable to control. Both conclusions are supported by substantial evidence. Aquino was only personally threatened by Shining Path members on one occasion, and he was never physically harmed. This alone is insufficient to constitute past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (holding that unfulfilled threats of violence "constitute harassment rather than persecution"). And though Aquino alleges that Shining Path will seek to harm him if he returns to

3

Peru, he has not shown that the Peruvian government is unwilling or unable to control that group. Thus, substantial evidence supports the denial of Aquino's claim for withholding.

2.    The BIA may reopen removal proceedings if the petitioner presents new evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1). To sustain a motion to reopen, the evidence must raise "a prima facie case for the relief sought." *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010) (quoting *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992)).

Here, the BIA concluded that the evidence does not amount to a prima facie case for relief. Substantial evidence supports this conclusion. If anything, the new country condition evidence demonstrates that Shining Path presents a lesser threat than it did previously. And the evidence of recent violence against Aquino's father does not negate the BIA's previous finding that the Peruvian government would be willing and able to protect Aquino from harm.

Alternatively, substantial evidence supports the BIA's finding that the new evidence could have been discovered and presented at a prior hearing. Aquino learned that Shining Path assaulted his father in September 2016. And many of the country conditions reports he offers were published in 2014, 2015, and 2016.

Thus, this evidence was available to Aquino at the time of his January 2017 hearing before the IJ. And despite Aquino's arguments to the contrary, because the BIA did not explicitly qualify or limit the January 2017 hearing to a specific purpose, Aquino was entitled to bring the new evidence to the IJ's attention at that hearing. *See Matter of Patel*, 16 I. & N. Dec. 600, 601 (B.I.A. 1978).

Thus, the BIA did not abuse its discretion in denying Aquino's motion to reopen.

**PETITION DENIED.**