**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-1716**

---

JOSE ARCIDES MENDEZ-GUEVARA; CLELIA ARACELY RIVERA-RAMIREZ; JOSE FERNANDO MENDEZ-RIVERA; CRISTELA YANETH MENDEZ-RIVERA; JONATHAN ESTIVEN MENDEZ-RIVERA; E.D.M.R.; E.A.R.R.; T.A.R.R.,

Petitioners,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

---

**No. 23-2291**

---

JOSE ARCIDES MENDEZ-GUEVARA; CLELIA ARACELY RIVERA-RAMIREZ; JOSE FERNANDO MENDEZ-RIVERA; CRISTELA YANETH MENDEZ-RIVERA; JONATHAN ESTIVEN MENDEZ-RIVERA; E.D.M.R.; E.A.R.R.; T.A.R.R.,

Petitioners,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

---

On Petitions for Review of Orders of the Board of Immigration Appeals.

---

Argued: December 11, 2024                    Decided: February 25, 2025

---

Before HARRIS, HEYTENS, and BERNER, Circuit Judges.

---

Petition for review granted in part and denied in part; vacated and remanded by unpublished per curiam opinion.

---

**ARGUED:** Benjamin James Osorio, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioners. Spencer Stephen Shucard, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent. **ON BRIEF:** John W. Goodman, MURRAY OSORIO PLLC, Fairfax, Virginia, for Petitioners. Brian Boynton, Principal Deputy Assistant Attorney General, Jessica E. Burns, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Arcides Mendez-Guevara, Clelia Aracely Rivera-Ramirez, and their six children, natives and citizens of El Salvador subject to a final order of removal, 8 C.F.R. § 1241.1, petition for review of two orders of the Board of Immigration Appeals:  the Board's first order dismissing the petitioners' appeal from the immigration judge's written decision denying the petitioners' applications for asylum, withholding of removal, and protection under the Convention Against Torture,[1] and the Board's second order denying the petitioners' motion to reconsider.  We grant in part and deny in part the petition for review.

A final order of removal cannot stand if the Board's determination is "manifestly contrary to the law and an abuse of discretion." *Jian Tao Lin v. Holder*, 611 F.3d 228, 235 (4th Cir. 2010) (citation omitted).  The Board abuses its discretion when it "distorts or disregards important aspects of the alien's claim." *Id.* at 237 (quoting *Hussain v. Gonzales*, 477 F.3d 153, 155 (4th Cir. 2007)).  It also errs when its determination is based on an "inaccurate perception of the record." *Id.* (citation omitted).

In its first order, the Board affirmed the immigration judge's adverse credibility finding. *See Kourouma v. Holder*, 588 F.3d 234, 239–40 (4th Cir. 2009) ("When the [Board] and the immigration judge both issue decisions in a case, we review both decisions upon appeal.").  We have reviewed the administrative record, including the transcript of

---

[1] Jose and Clelia separately submitted applications for relief listing each other and their children as derivative applicants. *See* 8 U.S.C. § 1158(b)(3).  Three children also submitted independent applications.

3

the merits hearing and all supporting evidence, and considered the arguments raised on appeal in conjunction with the record and the relevant authorities.  We conclude that the agency erred in its understanding of the record.  *See Jian Tao Lin*, 611 F.3d at 238 (adverse credibility determination must be based on "whole" record).

For example, the adverse credibility determination relied on the petitioners' purported failure to submit a copy of Jose's old passport to corroborate his claim that he traveled to El Salvador in 2015.  Yet two copies of Jose's passport are in the record, one of which includes what appears to be a Salvadoran stamp from 2015.  The agency's determination also relied on a perceived absence of affidavits from family members currently living in El Salvador that could have corroborated the petitioners' claims.  In fact, the record includes a statement from Clelia's brother, who currently lives in El Salvador and who corroborated important aspects of the petitioners' claims.  In addition, the immigration judge did not find credible Clelia's testimony that she lacked personal knowledge of certain details related to family finances.  In doing so, the immigration judge ignored expert testimony in the record that explained why Clelia could have lacked that knowledge.

The Board believed that the immigration judge was choosing between "two permissible views of the evidence." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 574 (1985).  But while a factfinder may choose between two permissible views of the evidence, it may not disregard important aspects of the petitioners' evidence and fail to consider one view entirely.  Combined, we find that the immigration judge's and Board's determinations were based on an incomplete and inaccurate perception of the record.

4

Accordingly, we grant the petition for review in part, vacate the Board's order dismissing the petitioners' appeal, and remand to the Board for further proceedings consistent with this opinion. *See Portillo Flores v. Garland*, 3 F.4th 615, 636 (4th Cir. 2021) (en banc) ("Because the [immigration judge] ignored relevant evidence, and because the [Board] adopted the [immigration judge's] flawed conclusion, we are [] constrained to vacate[.]"). We deny as moot the petition for review as to the Board's second order denying the petitioners' motion for reconsideration. *See Williams v. Ozmint*, 716 F.3d 801, 809 (4th Cir. 2013).[2]

*PETITION GRANTED IN PART AND DENIED IN PART;*
*VACATED AND REMANDED*

---

[2] Also in its first order, the Board rejected the petitioners' claim that the immigration judge's adverse credibility determination was motivated by impermissible bias. The primary evidence presented to the Board in support of this claim was the fact that the immigration judge was not retained after his two-year probationary period lapsed. We discern no error in the Board's conclusion that the evidence presented was insufficient to establish a due process bias claim. Since then, the petitioners have attempted to supplement their claim with additional evidence. We express no view as to whether, or on what evidence, the petitioners' bias claim may proceed on remand. *See Kouambo v. Barr*, 943 F.3d 205, 213 (4th Cir. 2019); *Matter of Patel*, 16 I. & N. Dec. 600, 601 (BIA 1978). And because the immigration judge who presided over this case is no longer on the bench, we need not consider whether to instruct that the case be assigned to a different immigration judge. *Cf. Elias v. Gonzales*, 490 F.3d 444, 453 (6th Cir. 2007).