11-2557-ag
Singh v. Holder

BIA
Vomacka, IJ
A076 846 720

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Richard C. Lee United States Courthouse, 141 Church Street, in the City of New Haven, Connecticut, on the 25th day of May, two thousand twelve.

PRESENT:
>       DENNIS JACOBS,
>               *Chief Judge,*
>       JON O. NEWMAN,
>       ROBERT D. SACK,
>               *Circuit Judges.*

_____

HARDEV SINGH,
>       *Petitioner,*

>       v.                                11-2557-ag
>                                         NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:         Hardev Singh, *pro se*, East Elmhurst, New York.

FOR RESPONDENT:            Tony West, Assistant Attorney General;
                           Erica B. Miles, Senior Litigation
                           Counsel; Jesse Lloyd Busen, Trial
                           Attorney, Office of Immigration
                           Litigation, United States Department
                           of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Hardev Singh, a native and citizen of India, seeks review of a May 26, 2011, order of the BIA, affirming Immigration Judge ("IJ") Alan A. Vomacka's February 23, 2009, denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hardev Singh*, No. A076 846 720 (B.I.A. May 26, 2011), *aff'g* No. A076 846 720 (Immig. Ct. N.Y. City Feb. 23, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

I.   Due Process

Notwithstanding Singh's argument to the contrary, the parties' submission of supplemental country conditions evidence on remand did not violate due process. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007) ("To establish a violation of due process, an alien must show that [he] was denied a full and fair opportunity to present [his] claims or that the [INS] . . . otherwise deprived [him] of fundamental fairness."). Singh appears to argue that the government unfairly received two opportunities to rebut the presumption of a well-founded fear of persecution. However, because this Court's 2008 order determined only that the agency's 1999 adverse credibility determination was not supported by substantial evidence and remanded Singh's case for further proceedings, and the IJ's 1999 decision did not contain an alternative burden finding, Singh's argument is not supported by the record. *Cf. Matter of Patel*, 16 I. & N. Dec. 600, 601 (B.I.A. 1978) ("[R]emand is effective for the stated purpose and for consideration of any and all matters which the [immigration judge] deems appropriate in the exercise of his administrative discretion or which are brought to his attention in compliance with the appropriate regulations.").

II.  Fundamental Change in Circumstances

As Singh demonstrated past persecution, he benefits from the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. §§ 1208.13(b)(1) (asylum), 1208.16(b)(1)(i) (withholding of removal); *see also Baba v. Holder*, 569 F.3d 79, 86 (2d Cir. 2009) ("The law is clear that a showing of past persecution shifts the burden to the government on the question of the petitioner's well-founded fear of future persecution."). Once past persecution is established, the burden rests firmly with the government to rebut this presumption by showing, by a preponderance of the evidence, either a "fundamental change in circumstances such that the applicant's life or freedom would not be threatened on account of any of the five [protected] grounds ... upon the applicant's removal" or the reasonable possibility of internal relocation within the country of removal. *Kone v. Holder*, 596 F.3d 141, 147 (2d Cir. 2010).

Although Singh argues that agency erred in finding that the government had established a fundamental change in circumstances by misinterpreting the country conditions evidence in the record, the task of resolving conflicts in the record evidence lies "largely within the discretion of the agency." *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 171 (2d Cir.

4

2008); *see also Xiao Ji Chen v. Dep't of Justice*, 471 F.3d 315, 432 (2d Cir. 2006).

In finding a fundamental change in circumstances, the BIA reasonably noted that the 2007 State Department Report did not reference any unlawful killings or mistreatment of Sikhs, and that the State Department's 2008 Issue Paper indicated that the terrorist activities and widespread violence associated with the Sikh insurgency and the government's counterinsurgency have ceased since Singh suffered persecution. While Singh takes issue with the agency's conclusion that the country conditions evidence reflected a fundamental change, where, as here, the agency's determination "is tethered to the evidentiary record, we will accord deference to the finding." *Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007).

Singh's argument that the agency placed excessive reliance on Department of State reports, and his related contention that agency ignored his contrary country conditions evidence, are misplaced. While we have noted that such reports "are usually the result of estimable expertise and earnestness of purpose, and they often provide a useful and informative overview of conditions in the applicant's home country," we have cautioned against placing excessive reliance

5

on such reports because they "do not automatically discredit contrary evidence presented by the applicant, and they are not binding on the immigration court." *Tian-Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir. 2004). Thus, although State Department reports are "probative," *see Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006), the IJ "is obligated to consider [] any contrary or countervailing evidence . . . presented, as well as the particular circumstances of the applicant's case demonstrated by testimony and other evidence," *Tian-Yong Chen*, 359 F.3d at 130. Rather than ignoring Singh's contrary evidence, the agency considered his evidence and found that it was insufficient to counter the government's evidence of changed country conditions or independently establish a well-founded fear of future persecution. Accordingly, the record does not indicate that the agency relied excessively on the State Department reports or ignored any evidence. *See Xiao Ji Chen*, 471 F.3d at 337 n.17 (presuming that the agency "has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise"); *see also Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (noting that the BIA is not required to expressly "parse or refute on the record each individual argument or piece of evidence offered by the petitioner").

6

Although Singh also submitted letters from his mother and a city councilor regarding the Indian government's continued interest in him, the BIA reasonably determined that this evidence was entitled to diminished evidentiary weight because the letters were in conflict with the country conditions evidence in the record and were from interested witnesses not subject to cross examination. *See Matter of H–L–H & Z–Y–Z–*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from interested witnesses not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, ___ F.3d ___, 2012 WL 1003506 (2d Cir. 2012); *see also Jian Hui Shao*, 546 F.3d at 171.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7