13-28-ag
*Song v. Holder*
BIA
Mulligan, IJ
A087 443 584

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of September, two thousand fourteen.

PRESENT:

DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
CHRISTOPHER F. DRONEY,

*Circuit Judges.*
_____

LIYAN SONG,

*Petitioner,*

-v.-                                                                 No. 13-28-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

*Respondent.*
_____

TING GENG, Law Offices of Geng & Zhang PLLC (*on the brief*), *for Petitioner.*

KEVIN J. CONWAY, Trial Attorney (STUART F. DELERY, Assistant Attorney General, CARL MCINTYRE, Assistant Director, *on the brief*) Office of Immigration Litigation, United States Department of Justice, Washington, D.C., *for Respondent*.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **GRANTED.**

Petitioner Liyan Song, a native and citizen of China, seeks review of a December 14, 2012 order of the BIA affirming the August 4, 2011 decision of an Immigration Judge ("IJ"), which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") after deciding that Song was not credible. *In re Liyan Song*, No. A 087 443 584 (B.I.A. Dec. 14, 2012), *aff'g* No. A 087 443 584 (Immig. Ct. N.Y. City Aug. 4, 2011). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues for review.

Under the circumstances of this case, where the BIA "adopts the decision of the IJ and merely supplements the IJ's decision," we review the IJ's decision as supplemented by the BIA. *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng. v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). We review the factual findings of the BIA and IJ for substantial evidence and uphold the findings if they are supported by "reasonable, substantial, and probative evidence in the record." *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 116 (2d Cir. 2007) (internal quotation marks omitted).

Because Song filed her asylum application in 2008, the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (2005), applies. Under the Act, the agency may base a credibility finding on,

*inter alia*, the applicant's demeanor, the plausibility of the applicant's account, and inconsistencies in the applicant's statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).

The adverse credibility determination in this case is not supported by the totality of the circumstances. The IJ reported that Respondent asked Song a "very simple question" on cross examination: "[I]s not it true that you left China in 2007 and returned"? R. 74. He stated that Song's response was an "extremely emphatic . . . no," but that she "quickly retracted" her response when confronted with a question about whether she had gone to Malaysia in 2007 and then returned to China. *Id.* The IJ identified this as an inconsistency and stated that it constituted "a huge negative against the respondent." *Id.*

This finding failed to consider Song's response in context. Shortly before being asked about returning to China, Song had testified that she had her husband retrieve medical records from a Chinese hospital instead of going herself because "[e]ver since I came to the United States, I never go back, I don't want to go back." R. 102. She was then asked "you left China in 2007 and returned, right," and responded using the same language: "No. Ever since I came to the United States . . . I couldn't go back." R. 103. This suggests that Song understood the question to ask if she had ever returned to China *since arriving in the United States*. When Song explained that this was her mistaken understanding of the question, the government attorney misquoted his earlier question as specifically asking "if [Song] went to Malaysia and returned to China." R. 105. The

3

IJ rejected Song's explanation that she was "nervous" and "did not hear clearly." R. 106. Although the IJ is not required to credit even plausible explanations, *see Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005), the IJ's apparent failure to consider the colloquy in context — particularly Song's reference to the United States after her "emphatic . . . no" — was error. *Xiu Xia Lin*, 534 F.3d at 167. Further, Song listed the trip to Malaysia and return to China in her asylum application and provided documentation of the trip, but the IJ never considered this production in deciding that Song's inconsistency supported a negative credibility determination.

The IJ also found Song not credible because she "exhibited a very poor demeanor." R. 73. At her hearing, Song testified that she underwent a forced abortion in China. The IJ reported that Song "put on an expression of great seriousness and stared at the Court" when asked where the forced abortion was performed. At other times, she "grew very emotional" when asked about the abortion, "was perturbed frequently," and often "widen[ed]" her eyes while testifying. *Id.* The IJ found these actions "contrived." *Id.*

Although we extend "particular deference" to an IJ's assessment of an applicant's demeanor, *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005), we can be "more confident" in our review of a credibility determination when the IJ's assessment of demeanor is supported by "specific examples of inconsistent testimony." *Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006). In light of our foregoing decision that the IJ erred by finding Song's statements inconsistent, we do not believe the IJ's assessment of her demeanor in this case is sufficient to support an adverse credibility determination. Song testified about her surprise pregnancy, a graphic and painful forced abortion, and the loss of her job as a consequence of her unauthorized pregnancy. Under such circumstances, it is unsurprising that a truthful witness might become highly emotional

4

and respond to questions about the event with great seriousness. *See Juan Chen v. Holder*, 658 F.3d 246, 252 (2d Cir. 2011) (per curiam) (noting that a "nonchalant[]" description of a forced abortion could support a finding that a petitioner failed to sustain her burden of proof on an asylum claim). The IJ was in the best position to assess Song's demeanor, and we do not dispute his observation that her testimony appeared "contrived." But in this case that determination alone is not enough to support an adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167.

Finally, the IJ and BIA relied on a lack of corroboration as a basis for the adverse credibility determination. Because credible testimony may, by itself, be sufficient to support an application for asylum, 8 U.S.C. § 1158(b)(1)(B)(iii), "a failure to corroborate cannot, without more, support an adverse credibility determination." *Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009). Here, the IJ gave little to no weight to Song's corroborating documentary evidence, but did not find this evidence to be inconsistent with Song's testimony or to reflect negatively on her credibility. R. 74-75. Given the foregoing alone, this simple lack of corroboration cannot tip the totality of the circumstances toward supporting the IJ's credibility determination. *See Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008) (holding that remand is appropriate if the outcome may change when proper factors are considered).

On remand, the agency is free to determine, *inter alia*, whether Song met her burden of proof. *See Liu*, 575 F.3d at 198 n.5 (holding that lack of corroboration alone may "support a finding that an alien has not met his burden of proof"). In addressing corroboration, the agency should be cognizant that the IJ and BIA took differing approaches to Song's medical evidence. The IJ gave little weight to Song's hospital records after observing that the Chinese government often creates false documents, R. 74-75, while the BIA took administrative notice (without providing Song an

5

opportunity to respond) of a State Department report that suggests China does not issue documentation for involuntary abortions, R. 4. *See Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 199-200 (2d Cir. 2007) (per curiam) (noting that the BIA may take administrative notice of certain facts, but that petitioners should generally have the opportunity to challenge those facts). We decline to address Song's new argument regarding her competency because she did not raise it below. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Song may present any new evidence on remand. *In re Patel*, 16 I.&N. Dec. 600, 601 (B.I.A. 1978).

For the foregoing reasons, the petition for review is **GRANTED** and the case is **REMANDED** to the BIA for further proceedings consistent with this order. As we have completed our review, the pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

6