**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0303n.06
Filed: April 27, 2009

**No. 07-3769**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| AHAD ABDUL, | ) | |
| | ) | ON PETITION FOR REVIEW |
| Petitioner, | ) | OF AN ORDER OF THE |
| | ) | BOARD OF IMMIGRATION |
| v. | ) | APPEALS |
| | ) | |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

BEFORE: GUY, ROGERS, and GRIFFIN, Circuit Judges.

GRIFFIN, Circuit Judge.

Petitioner Ahad Abdul seeks review of an order of the Board of Immigration Appeals finding him deportable and denying his application for suspension of deportation pursuant to § 244(a)(1) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1254(a)(1).[1] Because we lack jurisdiction to review the BIA's decision, we dismiss his petition for review.

I.

_____

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. 104-208, 110 Stat. 3009 (1996), revised the immigration laws and replaced the discretionary relief of suspension of deportation set forth in § 244(a)(1) of the INA, 8 U.S.C. § 1254(a)(1), with the discretionary procedure known as "cancellation of removal," § 240A of the INA, 8 U.S.C. § 1229b(a) (2000). *See Aoun v. INS*, 342 F.3d 503, 505-06 (6th Cir. 2003); *Huicochea-Gomez v. INS*, 237 F.3d 696, 699 (6th Cir. 2001). Because Abdul's deportation proceedings commenced before the IIRIRA's effective date of April 1, 1997, § 244(a)(1) applies to Abdul's application. *See Valenzuela-Alcantar v. INS*, 309 F.3d 946, 949 (6th Cir. 2002).

Abdul, a native and citizen of Bangladesh, entered the United States in September 1987 as a non-immigrant visitor. In June 1988, his status was adjusted to that of a permanent resident on a conditional basis based upon his marriage to a United States citizen, Tracy Harris. In May 1990, his petition to remove the conditions on his lawful permanent resident status was approved. However, in May 1995, the Immigration and Naturalization Service ("INS"), now integrated into the Department of Homeland Security, charged Abdul with procuring his adjustment to lawful permanent resident status by fraud or by wilfully misrepresenting a material fact contrary to 8 U.S.C. § 1251(a)(1)(A), *i.e.*, by entering into a marriage that was not bona fide to gain permanent resident status.

Abdul admitted to his entry and adjustment of status, but denied the allegations against him and applied for suspension of deportation. On September 23, 1999, following a hearing on the issue of deportability, at which Tracy Harris testified and exhibited a suspicious lack of familiarity with her husband,[2] an immigration judge ("IJ") issued a decision finding Abdul deportable as charged and pretermitting his application for suspension of deportation.

Abdul appealed and the INS filed an unopposed motion to remand the case to the IJ, asserting that, although the IJ correctly found Abdul deportable as charged, the judge improperly pretermitted Abdul's suspension of deportation application. On November 18, 2002, the BIA granted the motion and remanded the case "for further proceedings consistent with this opinion" because "[i]t appears

---

[2]Tracy Harris also submitted an affidavit to the INS admitting that she was paid to marry Abdul so that he could obtain immigrant status. In addition, Harris's mother submitted a corroborative affidavit in which she stated that her daughter never lived with Abdul.

from the record . . . that [Abdul] established prima facie eligibility for suspension of deportation under former section 244(a) of the Act."

On remand, Abdul submitted an updated application for suspension of deportation and supporting documents, including tax returns from 1996 through 2003, reference letters, and Department of State reports on Bangladesh. During the ensuant hearing, Abdul, his current wife (a United States citizen), and two of their children testified regarding the hardship that they would suffer if Abdul was deported to Bangladesh. Nonetheless, in a decision issued on June 27, 2005, the IJ concluded that the prior IJ's finding of deportability should not be disturbed. The IJ further determined that Abdul was statutorily ineligible for suspension of deportation because he failed to demonstrate the requisite "extreme hardship" to himself or to a qualifying relative. *See* 8 U.S.C. § 1254(a)(1) (repealed Sept. 30, 1996) (requiring an alien to show, *inter alia*, that deportation would result in "extreme hardship" to the alien or an immediate family member who was a United States citizen or a lawful permanent resident). Finally, the IJ held that even if Abdul were eligible for suspension of deportation, he did not merit a favorable exercise of discretion because of his fraudulent first marriage that was entered into solely to circumvent the immigration laws and obtain lawful permanent resident status.

On May 17, 2007, the BIA affirmed the IJ's decision finding Abdul deportable and denying his application for suspension of deportation. The BIA agreed that a favorable exercise of discretion was not warranted inasmuch as Abdul entered into his first marriage to fraudulently obtain permanent resident status and "carried the deception regarding the true nature of his first marriage

into his [latest] hearing." Thus, "[a]lthough the record presents factors in his favor, including his residence in this country for almost 20 years and his family ties (United States citizen wife and three children), these equities arose only after he prolonged his initial stay in this country by entering into his first marriage for immigration purposes 4 months after his arrival." In light of this determination, the BIA declined to address the issue of whether Abdul demonstrated the requisite hardship, denied Abdul's motion to remand the matter for consideration of new evidence regarding current conditions in Bangladesh, and dismissed his appeal. This timely petition for review followed.

II.

The threshold and, as it turns out, dispositive question presented by Abdul's petition is whether we have subject matter jurisdiction to entertain his claim – an issue subject to our de novo review. *Abu-Khaliel v. Gonzales*, 436 F.3d 627, 630 (6th Cir. 2006). Pursuant to 8 U.S.C. § 1252(a), we lack authority to review decisions reserved for the Attorney General's discretion, including the denial of an application for suspension of deportation and a hardship determination. *See* 8 U.S.C. § 1252(a)(2)(B)(i)-(ii); *Valenzuela-Alcantar*, 309 F.3d at 949-50 (holding that we lacked jurisdiction to review an extreme hardship determination because it was discretionary); *cf. Garza-Moreno v. Gonzales*, 489 F.3d 239, 242 (6th Cir. 2007) (holding that we lacked jurisdiction to review the BIA's discretionary decision denying the alien's request for cancellation of removal). However, we do retain jurisdiction to review questions of law and constitutional claims. 8 U.S.C. § 1252(a)(2)(D); *Aburto-Rocha v. Mukasey*, 535 F.3d 500, 502 (6th Cir. 2008). "[T]he choice by

the BIA to disregard its own binding precedent – even when deciding an issue that *is* within its

discretion – is *not itself* a discretionary decision Congress has excluded from review." *Id*. at 503.

In his petition, Abdul contends that his challenge to the BIA's denial of his request for

suspension of deportation presents a question of law that falls within the narrow exception provided

by § 1252(a)(2)(D). He argues that the BIA's November 18, 2002, remand was for the sole purpose

of determining whether he should be granted suspension of deportation and not to re-litigate the

previous finding of deportability. He maintains that the IJ exceeded her jurisdiction by addressing

the issue of deportability on remand and the BIA, in turn, unreasonably departed from its own

precedent, *Matter of Patel*, 16 I. & N. Dec. 600 (BIA 1978), when it affirmed the IJ's decision,

effectively allowing the IJ to decide a matter beyond the permissible scope of review.[3]

However, there is no evidence that the BIA ignored its own precedent. The BIA's

November 18, 2002, remand order contains no express qualifications on the matters to be reviewed.

Moreover, in its May 17, 2007, decision, the BIA determined that the remand was not limited as

---

[3]In *Matter of Patel*, the BIA held in pertinent part:

> [W]hen the Board remands a case to an immigration judge for further proceedings,
> it divests itself of jurisdiction of that case unless jurisdiction is expressly retained.
> Further, when this is done, unless the Board qualifies or limits the remand for a
> specific purpose, the remand is effective for the stated purpose and for consideration
> of any and all matters which the Service officer deems appropriate in the exercise of
> his administrative discretion or which are brought to his attention . . . .

16 I. & N. Dec. at 601.

Abdul suggests and that, in any event, both IJs reached the same correct conclusion – the evidence supported a finding of deportability and that Abdul was not entitled to suspension of deportation.

Inasmuch as Abdul's argument constitutes "nothing more than a challenge to the [BIA's] discretionary and fact-finding exercises cloaked as a question of law[,]" *Garcia-Aguillon v. Mukasey*, 524 F.3d 848, 850 (8th Cir. 2008), we lack subject matter jurisdiction to review his claim that the BIA improperly denied his application for suspension of deportation.[4]

III.

Accordingly, we dismiss Abdul's petition for review.

---

[4]Even if we were to construe petitioner's argument as a challenge to the underlying deportability determination rather than as a challenge to the BIA's discretionary suspension determination, we would deny the petition for the reasons given by the BIA.