NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0734n.06

No. 14-3804

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Nov 03, 2015
DEBORAH S. HUNT, Clerk

SARMED MICHAEL HANNA,

     Petitioner,

v.

LORETTA E. LYNCH, Attorney
General,

    Respondent.

ON PETITION FOR REVIEW FROM
THE BOARD OF IMMIGRATION
APPEALS

O R D E R

BEFORE:    KEITH and CLAY, Circuit Judges; MARBLEY, District Judge.

Petitioner Sarmed Michael Hanna, a native and citizen of Iraq, seeks judicial review of the decision by the Board of Immigration Appeals ("BIA") dismissing his appeal from the decision of an immigration judge ("IJ") denying on discretionary grounds his application for asylum. We dismiss Hanna's petition for review.

Hanna crossed the U.S.-Mexico border without inspection in flight from ethnic and political persecution in Iraq, and was subsequently granted asylum and withholding of removal by an IJ on May 7, 1999. On September 2, 2005, his status was adjusted to that of a lawful permanent resident. On July 14, 2009, Hanna was pulled over for speeding by two police officers in Nevada. During the stop, Hanna gave written consent to a search of his vehicle. With the use of a police dog, officers discovered thirty eight bags containing over five thousand grams

of marijuana stashed in the panels of the car doors. Hanna eventually pled guilty to "knowingly and intentionally" possessing a controlled substance in violation of Nevada Revised Statute § 453.336. Pursuant to the plea agreement he entered into with the prosecution, Hanna was given a five year "suspended" sentence to be served on probation.

In light of his criminal conviction for a controlled substance violation, the Department of Homeland Security placed Hanna in detention and removal proceedings in January 2014. An IJ sustained the charges of removability under 8 U.S.C. § 1227(a)(2)(B)(i). After the IJ's finding of removability, Hanna applied for various forms of relief, including withholding of removal and asylum. The IJ subsequently granted Hanna withholding of removal based on the government's stipulation that there was a clear probability that he would be subjected to persecution in Iraq. The IJ found that Hanna was eligible for asylum, but exercised her discretion to deny him asylum based on his convictions for possession of marijuana. Although she found that Hanna had testified credibly that he did not know how the drugs came to be in his vehicle, the IJ relied on the fact that Hanna pled guilty to knowingly or intentionally possessing a controlled substance and the reality that an inordinate amount of drugs were found in his vehicle.

In a brief written opinion authored by a single member of the BIA, the BIA agreed with the IJ that Hanna had not "met his burden of showing that his favorable equities outweigh the negative factors," including his convictions for possession of a controlled substance.

Because Hanna was convicted of a criminal offense relating to a controlled substance, *see* 8 U.S.C. § 1252(a)(2)(C), this Court lacks jurisdiction to review his petition unless it presents "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). Hanna contends that the BIA erred by failing either to credit or reject the IJ's favorable credibility finding when it upheld the IJ's decision to deny Hanna's asylum claim. We find that Hanna's argument "constitutes

nothing more than a challenge to the BIA's discretionary and fact-finding exercises cloaked as a question of law." *Abdul v. Holder*, 326 F. App'x 344, 347 (6th Cir. 2009) (quoting *Garcia-Aguillon v. Mukasey*, 524 F.3d 848, 850 (8th Cir. 2008)). Although some courts have found that it may be an error of law where material facts have been "totally overlooked" or "seriously mischaracterized" by the BIA, *see Navarro v. Holder*, 505 F. App'x 441, 445 (6th Cir. 2012), we find that this is not such a case because the BIA upheld the IJ's finding that the conviction for possession of a controlled substance outweighed the other factors that might merit a favorable exercise of discretion. *See id.* at 446.

Additionally, because Hanna demonstrated no substantial issue of fact or law in his appeal of the IJ's decision, we need not reach the question of whether we have jurisdiction to review the BIA's failure to refer his appeal to a three-member panel. *See* 8 C.F.R. § 1003.1(d)(2)(i) (2015).

Accordingly, we **DISMISS** Hanna's petition for review for lack of jurisdiction.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk