ROGERS, Circuit Judge, concurring in part and dissenting in part.
I join parts I, II.A, and II.B of the court's opinion, but I respectfully dissent with respect to Parts II.C and II.D.
We have no business exercising jurisdiction to review the discretionary aspect of *727 the BIA's denial of the § 1227(a)(1)(H) waiver, where Congress has clearly denied us such jurisdiction. See 8 U.S.C. § 1252(a)(2)(B)(ii). In particular, Congress has flatly denied us jurisdiction to review the BIA's denial, in its discretion, of a waiver under § 1227(a)(1)(H), except for constitutional claims and questions of law. See id. § 1252(a)(2)(D). Calling the BIA's fact-bound exercise of statutory discretion a legal issue makes the question-of-law exception swallow the rule and amounts to an unwarranted grab of decisional authority. The legal question in this case, according to Petitioner, is whether the Board complied with its regulatory obligation to review the IJ's fact-finding for clear error. Only in the most technical sense can this be called a question of law. The same technical sense would make a legal issue of virtually any issue on judicial review of agency action, and thereby effectively nullify in its entirety the preclusion of judicial review that Congress enacted.
Instead, the exception in § 1252(a)(2)(D)"only permits judicial review of purely legal questions, such as constitutional and statutory construction questions." Khozhaynova v. Holder , 641 F.3d 187, 192 (6th Cir. 2011) (citing, and rejecting, Ninth and Second Circuit precedents). Since we first reached this interpretation of § 1252(a)(2)(D) in 2006 in Almuhtaseb v. Gonzales , 453 F.3d 743, 748 (6th Cir. 2006), we have reaffirmed it on many occasions. We explained this history in Rais v. Holder :
Relying on the Second Circuit's opinion in Chen v. U.S. Dep't of Justice , 434 F.3d 144 (2d Cir. 2006), this court defined § 1252(a)(2)(D) to include "constitutional and statutory-construction questions, not discretionary or factual questions" in Almuhtaseb v. Gonzales , 453 F.3d 743, 748 ( [6th Cir.] 2006). Thus, a petitioner cannot create jurisdiction by alleging "nothing more than a challenge to the [BIA's] discretionary and fact-finding exercises cloaked as a question of law[.]" Abdul v. Holder , 326 F. App'x 344, 347 (6th Cir. 2009).... After this court decided Almuhtaseb , the Second Circuit revised Chen to expand its definition of "question of law." Chen v. U.S. Dep't of Justice (Chen II ), 471 F.3d 315, 326-27, 329 (2d Cir. 2006).... Since Chen II , a circuit split has emerged over whether that term includes only issues of statutory construction and interpretation or also includes mixed questions of law and fact.... This court, however, expressly has declined to expand its definition of "question of law" to include mixed questions of law and fact. Khozhaynova v. Holder , 641 F.3d 187, 192 (6th Cir. 2011) ("We continue to maintain a more narrow interpretation of our jurisdiction ... and limit review to constitutional or statutory interpretation claims.").
768 F.3d 453, 462 n.17 (6th Cir. 2014) (emphasis added, brackets in original). As Rais indicates, in Khozhaynova , 641 F.3d at 192, we rejected a request to apply Ninth and Second Circuit precedents that were inconsistent with Almuhtaseb , and instead reaffirmed Almuhtaseb 's narrower interpretation of § 1252(a)(2)(D). See also Vincent v. Holder , 632 F.3d 351, 353 (6th Cir. 2011) ; Pepaj v. Mukasey , 509 F.3d 725, 728 (6th Cir. 2007). Petitioner's attempt to characterize his challenge to the BIA's recitation of the facts as a question of law thus runs headlong into a solid wall of circuit precedent.[1] His claim-that the *728 Board reviewed the IJ's factual findings de novo rather than for clear error-does not ask this court to construe a statute, or even the relevant regulation. Rather, it asks us to review the Board's application of 8 C.F.R. § 1003.1(d)(3)(i) and determine whether the BIA's factual statements differed from those made by the IJ. This we cannot do, for it presents precisely the kind of mixed question of law and fact that we have repeatedly said falls outside of § 1252(a)(2)(D) 's definition of "questions of law."
In an analogous case, we held that the exception allowing review for legal issues does not apply when the purported "legal issue" is whether one set of facts is similar to or different from the facts in agency precedent. Ettienne v. Holder , 659 F.3d 513, 518 (6th Cir. 2011). As we said in Ettienne , "this court lacks jurisdiction over claims that can be evaluated only by engaging in head-to-head comparisons between the facts of the petitioner's case and those of precedential decisions." Id. In Ettienne , the petitioner argued that the BIA had a legal obligation to comply with its own precedent requiring it to consider certain hardship factors in their totality, and that we had jurisdiction to consider whether the BIA had done so. Id. at 517. We held that we lacked jurisdiction, however, because Ettienne's challenge amounted to a request to second-guess the BIA's weighing of the factors in her particular case. Id. at 518. This, we concluded, was beyond the limited scope of the exception for legal questions because if the exception were so expanded, it would effectively negate Congress's command that such factual and discretionary decisions-as opposed to constitutional or legal decisions-may not be judicially reviewed.
Permitting judicial review here would open virtually all BIA factual determinations to judicial review, contrary to the clear intent of Congress. As we explained in Almuhtaseb , "the purpose of [ § 1252(a)(2)(D) ] is to permit judicial review over those issues that were historically reviewable on habeas-constitutional and statutory-construction questions, not discretionary or factual questions." 453 F.3d at 748 (emphasis deleted) (quoting Chen v. U.S. Dep't of Justice , 434 F.3d 144, 153 (2d Cir. 2006) ). While any question of whether an agency determination is supported by substantial evidence or constitutes an abuse of discretion may be in some sense "legal," Congress obviously intended a narrower meaning to the term. Letting every BIA discretionary decision be reviewed as "legal" under the guise of reviewing the BIA's application of its scope of review to an IJ's factual or discretionary determinations would gut Congress's attempt in § 1252(a)(2)(D) to limit judicial review over claims that Congress has placed within the Attorney General's discretion.
Moreover, this is not a case in which the BIA has purported to apply an incorrect legal standard. In Ettienne we distinguished cases in which there was jurisdiction to review whether the BIA had identified the correct legal rule at all. See 659 F.3d at 517-18 (discussing Figueroa v. Mukasey , 543 F.3d 487, 496 (9th Cir. 2008), and Perez-Roblero v. Holder , 431 F. App'x 461, 466-68 (6th Cir. 2011) ). In particular, Petitioner's case is not like Tran v. Gonzales , 447 F.3d 937, 943-44 (6th Cir. 2006), in which we concluded that a reviewable question of law was presented when "[t]he BIA's decision never stated the standard of review that it employed ... and its treatment of Tran's claims d[id] not make it evident to th[e] Court what standard of review the BIA employed." Here, as in Ettienne (and in contrast to Tran ), there is no doubt that the BIA identified the right legal standard. The BIA plainly stated the correct legal rule when it said in its decision that it would "review findings of fact determined *729 by the Immigration Judge, including credibility findings, under a 'clearly erroneous' standard. 8 C.F.R. § 1001.1(d)(3)(i)." Petitioner is therefore left to argue that the Board erred in its application of this rule to the facts found by the IJ. But just as there was not jurisdiction in Ettienne to review the Board's weighing of the factors in Ettienne's case, so too here there is not jurisdiction to examine how the Board applied the correctly identified legal rule to the facts found by the IJ.
For these reasons, we lack jurisdiction to review the discretionary component of the BIA's denial of the waiver. I need not reach the question of Petitioner's statutory eligibility for the waiver.
Finally, with respect to Part II.C, we should not play "Gotcha!" when the Government has agreed to a remand to an agency to reconsider a decision using the correct standard. The Government's brief before this court contends that a remand is necessary to "clarify the standard [the Board] used in making its firm resettlement determination," and we may accept such a government concession to permit further consideration by the agency below. See Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta , 375 F.3d 412, 416-17 (6th Cir. 2004). The Board on remand should be permitted to consider the firm-resettlement issue using the proper standard, and nothing precludes us from allowing the Board to do so.

Because of this binding circuit precedent, it is beside the point that some other circuits have held that the issue of the BIA's compliance with 8 C.F.R. § 1003.1(d)(3)(i) is a question of law. See, e.g. , Zumel v. Lynch , 803 F.3d 463, 476 (9th Cir. 2015) ; Kabba v. Mukasey , 530 F.3d 1239, 1245-46 (10th Cir. 2008).